UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00556 |
|  | : |  |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 377] |
| v. | : |  |
|  | : |  |
| DEMETRIUS JONES, | : |  |
|  | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Demetrious Jones pled guilty to two counts of distribution of carfentanil, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).[1]

On August 3, 2023, the Court sentenced Defendant Jones to 74 months for each count, to run concurrently.[2] At Jones' sentencing, the Court found that Jones had an offense level of 23 and a Criminal History Category IV, giving him a sentencing range of 70 to 87 months.[3] Jones had eight total criminal history points, two of which were status points due to his being under a criminal justice sentence at the time of the instant offense.[4]

Defendant Jones now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821.[5] Jones asks the Court to reduce his sentence from 74 to 60 months. The government does not oppose Jones' motion.[6]

For the following reasons, the Court **GRANTS** Defendant Jones' sentence reduction motion and sentences the Defendant to **60 months.**

---

[1] Doc. 30, PageID #: 103.
[2] Doc. 35, PageID #: 162-63.
[3] Doc. 36, PageID #: 169.
[4] Doc. 32, PageID #: 142-43.
[5] Doc. 37, PageID #: 174. Jones' counsel filed a supplement. Doc. 40.
[6] Doc. 40, PageID #: 199.

Case No. 1:20-cr-00556
GWIN, J.

## I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[7] However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[8] The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."[9]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[10] In reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[11] Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 821 in the list of retroactive amendments.

## II. DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821, Part A changes the assignment of "status points" for criminal history calculations. For defendants with seven or more criminal history points, Amendment 821 reduces those

---

[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[8] 18 U.S.C. § 3582(c)(2).
[9] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[10] *Id.*
[11] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).

Case No. 1:20-cr-00556
GWIN, J.

defendants' status points to one point.[12] For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[13]

Amendment 821, Part A removes Defendant Jones' two status points and lowers his Criminal History Category from IV to III. Jones' amended sentencing guideline range is now 57 to 71 months. Thus, Defendant Jones was earlier sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission.

The 18 U.S.C. § 3553(a) factors weigh in favor of reducing Defendant Jones' sentence to 60 months. Factors like those applied at Jones' initial sentencing also apply at this time. Defendant Jones was convicted for the sale of synthetic opioids.[14]

Regarding his history and characteristics, Jones grew up with a supportive family in a stable home. At the time of the instant offense, Jones was twenty-eight years old and had full-time employment in a supervisory role.[15] He had a lengthy criminal history, but no substance abuse issues save for use of marijuana and alcohol.[16]

The Court notes that it previously sentenced Defendant Jones towards the lower end of the guideline range.[17] As neither Jones nor the government argue for a rebalancing of the § 3553(a) factors, the Court finds it appropriate to reduce Jones' sentence to 60 months, towards the lower end of the amended guideline range.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Jones' motion and

---

[12] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[13] *Id.*
[14] Doc. 36, PageID #: 171.
[15] *Id.*
[16] *Id.*
[17] *Id.*

Case No. 1:20-cr-00556
GWIN, J.

**REDUCES** Defendant Jones' sentence to **60 MONTHS.** Except as otherwise provided in this order, all other terms of Jones' original sentence remain in effect.

    IT IS SO ORDERED.

Dated: March 25, 2024            *s/    James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE